# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-30938
Summary Calendar

WOODY VOINCHE,

Plaintiff-Appellant,

v.

GLEN FINE, Office of Inspector General, US Department of Justice; JOHN CONYERS, Committee on the Judiciary, House of Representatives; JAMES SENSENBRENNER, Committee on the Judiciary, House of Representatives,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-528

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant Woody Voinche of Marksville, Louisiana, sued Inspector General Glen Fine and Congressmen John Conyers and James Sensenbrenner, complaining of a "20 year conspiracy to wiretap his telephones, the use of electronic tracking devices on his vehicle and other electronic surveillance, and release of a toxic substance in his home." Specifically, Voinche alleged violations

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of "the Freedom of Information Act, the Privacy Act, . . ., the Patriot Act, the Omnibus Crime Control and Safe Streets Act, . . . the Constitution of the United States of America, Misprison of a Felony, . . . and Civil Rights." The district court granted the defendants' motions to dismiss, holding that the defendants enjoyed immunity from Voinche's lawsuit, that the Freedom of Information Act did not create a cause of action against the Inspector General or members of Congress, and that Voinche lacked standing to force Congressmen Conyers and Sensenbrenner to take any action on his allegations.

On appeal, Voinche argues that the district court erred in dismissing his lawsuit because Inspector General Fine is "statutorily required" to investigate his claims of government abuse and Congressmen Conyers and Sensenbrenner are required to monitor the Inspector General's investigation. This argument is meritless—none of the statutes Voinche cites impose such duties on the Inspector General or members of Congress. Moreover, the doctrines of sovereign immunity, official immunity, and legislative immunity foreclose Voinche's lawsuit against the Inspector General and the Congressmen for their alleged failure to investigate his claims. The district court's judgment is therefore AFFIRMED.